UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHELBIA BROWN,

                            Plaintiff,

      v.

CITY OF NEW YORK,

                            Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
24-CV-8246 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Shelbia Brown, proceeding pro se, brings the instant action pursuant to 42 U.S.C. § 1983 against Defendant City of New York. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that, between December 21, 2021, and May 10, 2022, while she "held temporary residence on McDowell Street" in Brooklyn, New York, people she believed to be agents of the municipal government "gang stalked," "accosted," "harassed" and drugged her. (Compl. at 5, ECF No. 1.) Plaintiff states that she had "difficulty going to the police because mind and brainwave reading technologies were used to harass [her] as a counterterrorism research training project" and that "mind control methods were used to create disarray and confusion and constant harassment." (*See id.*)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

"A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless-that is, they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642

F.3d 364, 368 (2d Cir. 2011). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 25 (1992).

Here, Plaintiff's allegations, even under the liberal reading afforded to pro se pleadings, and even if Plaintiff believes them to be true, can only be described as frivolous and "clearly baseless." *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). That is, the Court can ascertain no cognizable claim within Plaintiff's nonsensical assertions. Plaintiff asserts, absent any factual support, that agents of the municipal government "gang stalked," "accosted," "harassed" and drugged her, and that "brainwave reading technologies" were used to thwart her effort to seek help. (Compl. at 4–5.) Given the implausibility of Plaintiff's allegations, the action cannot proceed. *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) ("the district court did not err in sua sponte dismissing the complaint as frivolous," based on the plaintiff's assertions that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him."); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"); *Gilot v. Govt.*, No. 21-CV-4346, 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once ...."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to enter judgment, close this action, and mail a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/ LDH_____
    LaSHANN DeARCY HALL
    United States District Judge

Dated: Brooklyn, New York
       February 25, 2025